GUIDRY, J.
*10 Defendants, the State of Louisiana (State), the Senate of the State of Louisiana (Senate), and the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College (Board), appeal from a trial court judgment in favor of plaintiffs, Edwin Ray Parker, Kenneth Brad Ott, and American Federation of State, County and Municipal Employees, Council 17, granting in part their motion for partial summary judgment and declaring that Senate Concurrent Resolution 48 (SCR-48) violates the Louisiana Open Meetings Law. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
During its 2014 Regular Session, the Louisiana Legislature adopted SCR-48, which, among other things, approved the closure of the Huey P. Long Medical Center in Pineville, Louisiana (HPL Medical Center).
On the evening of March 31, 2014, the Senate Committee on Health and Welfare (Committee) posted a Notice of Meeting that was scheduled for April 2, 2014 at 9:00 a.m. The Notice of Meeting included a proposed agenda, which did not reference SCR-48. However, the notice did state that the agenda listed therein was tentative and may be revised prior to the scheduled meeting and gave the means by which any revised notices could be located.
Thereafter, on April 1, 2014, at 4:19 p.m.[1] the Committee posted a revised agenda, which added consideration of SCR-48. The synopsis for SCR-48, as contained in the revised agenda, stated:
HEALTH CARE Provides for legislative approval of and support to the Board of Supervisors of Louisiana State University for the strategic collaboration with the [S]tate in creating a new model of health care delivery in the Alexandria and Pineville area.
The Committee subsequently held its meeting as scheduled and reported SCR-48 with amendments. Thereafter, SCR-48 was adopted by the full Senate and the House of Representatives.
On June 3, 2014, plaintiffs, employees of HPL Medical Center and/or the employees' representatives, filed a petition for declaratory and injunctive relief pursuant to the Louisiana Open Meetings Law, claiming that the Senate failed to provide *11 adequate public notice that SCR-48 was going to be considered by the Committee and that the synopsis of SCR-48 was insufficient to put them on notice that the resolution pertained to the closure of HPL Medical Center. As such, the plaintiffs alleged that the Committee's consideration and action upon SCR-48 violated Rules 13.73 and 13.75 of the Rules of Order of the Louisiana Senate and, as a result, also violated the Louisiana Open Meetings Law, La. R.S. 42:19(B), and La. Const. Art. 12, § 3. Plaintiffs also alleged that SCR-48 improperly amended La. R.S. 17:1518.1 and, therefore, is unconstitutional because it failed to meet the requirements of La. Const. Art. 3 for legislative instruments that amend or enact law.
Plaintiffs sought a declaration that SCR-48 is null and void because it was passed by the Legislature in violation of the Open Meetings Law; statutory damages of $100 per violation pursuant to La. R.S. 42:28 ; and a preliminary and, in due course, a permanent injunction, along with attorney fees, costs, and damages, enjoining defendants from applying, enforcing, and/or implementing the provisions of SCR-48. Plaintiffs also sought a declaration that SCR-48 was passed in violation of the Louisiana Constitution.
On June 18, 2014, Angelina Iles, Evelyn C. Cooper, Beverly Ford, Sylvia Carter, Carrie Furgerson-Stork, and all domiciliaries and citizens of Rapides Parish, Louisiana and as individuals or employees of HPL Medical Center filed a petition for intervention, joining plaintiffs in demanding same or similar relief against the defendants and adopting plaintiffs' original and amending petitions.
Following a hearing on June 23, 2014, on the plaintiffs' request for a preliminary injunction, the trial court granted the plaintiffs' request and enjoined the defendants from enforcing, applying, and/or implementing the provisions of SCR-48 and closing the HPL Medical Center. However, in accordance with La. C.C.P. art. 3612(B), the trial court suspended the enforcement of the injunction upon the defendants perfecting an appeal. The trial court signed a judgment in conformity with its ruling on July 9, 2014.
Thereafter, the defendants timely perfected an appeal, initially seeking review of the trial court's judgment with the Louisiana Supreme Court based upon the trial court's oral reasons stating that SCR-48 violated the Louisiana Constitution. The supreme court, however, dismissed the appeal, finding:
[T]he appeal is not properly before this court. Article V, § 5(D) vests appellate jurisdiction in this court in cases in which "a law or ordinance has been declared unconstitutional...." A review of the district court's judgment indicates the court merely grants plaintiffs' request for preliminary injunction to enjoin the enforcement, application and implementation of the resolution, without making any mention of the constitutionality of the resolution.
Although the district court's reasons for judgment discuss the constitutionality of the resolution, it is well-settled law that the trial court's oral or written reasons form no part of the judgment.
Because there is no declaration of unconstitutionality in the district court's judgment, there is no basis for the exercise of this court's appellate jurisdiction.
On rehearing, the supreme court transferred the appeal to this court for further proceedings. See Parker v. Senate of the State of Louisiana, 14-1816 (La. 11/14/14), 171 So.3d 906.
In a decision rendered on September 21, 2015, this court dismissed the appeal, finding:
*12 [B]ecause the activity that the plaintiffs sought to enjoin has already occurred, and the record is devoid of any evidence that the parties expressly agreed to submit the case for a final decision on the merits at the hearing on the request for a preliminary injunction, the matter before this court is moot, and it is inappropriate for this court to comment on the trial court's preliminary statements in its reasons for judgment regarding violations of the open meetings law and the constitutionality of SCR-48. [Footnote omitted.]
Parker v. Senate of the State of Louisiana, 15-0048, p. 4 (La. App. 1st Cir. 9/21/15), 2015 WL 5547476 (unpublished opinion).
Thereafter, defendants filed a motion for summary judgment in the trial court as to the claims asserted by plaintiffs and intervenors, asserting that the validity of SCR-48 in their claim for injunctive relief had been rendered moot by the fact that HPL Medical Center had been closed. Defendants further asserted that SCR-48 was properly considered and adopted by the Legislature and the re-opening of HPL Medical Center was impossible.
On April 18, 2016, plaintiffs filed a motion for partial summary judgment, asserting that they are entitled to judgment as a matter of law because the enactment of SCR-48 was in violation of the Louisiana Open Meetings Law and the Louisiana Constitution and therefore, is null and void, entitling plaintiffs to a permanent injunction enjoining the enforcement of SCR-48.
Following a hearing on the cross-motions for summary judgment, the trial court signed a judgment granting in part plaintiffs' motion for partial summary judgment and denying defendants' motion. The trial court granted the plaintiffs' motion as to the portion seeking a declaration that the enactment of SCR-48 violated the Louisiana Open Meetings Law and the Louisiana Constitution. The trial court specifically found that SCR-48 violated the Louisiana Open Meetings Law and the Louisiana Constitution and declared SCR-48 null and void. The trial court, however, denied as moot the portion of plaintiffs' motion seeking the issuance of a permanent injunction.
The defendants directly appealed to the Louisiana Supreme Court on the basis of the district court's declaration that SCR-48 is unconstitutional. On January 13, 2017, the supreme court dismissed the appeal, finding that they were deprived of appellate jurisdiction pursuant to La. Const. Art. V, § 5 (D) because the underlying dispute forming the basis for the constitutional challenge was rendered moot. Parker v. Senate of the State of Louisiana, 16-1690 (La. 1/13/17), 215 So.3d 244. The defendants thereafter filed a timely application for rehearing, requesting that the appeal be transferred to the First Circuit Court of Appeal for review of any non-constitutional claims that may remain viable. On February 24, 2017, the supreme court granted a rehearing and transferred the appeal to the First Circuit, stating:
[W]e find the district court's June 15, 2014 judgment may have some collateral impact on non-constitutional aspects of the case, such as plaintiffs' ability to recover attorney fees.[2]
Parker v. Senate of the State of Louisiana, 16-1690, p. 1 (La. 2/24/17), 210 So.3d 270.
*13 Defendants now appeal from the trial court's judgment, asserting that the trial court erred in finding that the adoption of SCR-48 violated the Louisiana Open Meetings Law. Plaintiffs and intervenors also filed an answer to the appeal, seeking costs and attorney's fees for work performed on appeal.
DISCUSSION
Louisiana Revised Statute 42:19, known as the Louisiana Open Meetings Law, generally provides, in pertinent part:
A. (1)(b)(i) All public bodies, except the legislature and its committees and subcommittees , shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours, exclusive of Saturdays, Sundays, and legal holidays, before the meeting. [Emphasis added.]
(b)(ii)(aa) Such notice shall include the agenda, date, time, and place of the meeting. The agenda shall not be changed less than twenty-four hours, exclusive of Saturdays, Sundays, and legal holidays, prior to the scheduled time of the meeting.
Thus, the plain language of subpart A clearly excludes the legislature and its committees and subcommittees from the general notice requirements applicable to the meetings of other public bodies. Rather, La. R.S. 42:19(B) specifically governs legislative notice under the Louisiana Open Meetings law, providing:
Reasonable public notice of day to day sessions of either house of the legislature, and of all matters pertaining to such meetings, including but not necessarily restricted to the content of notices, quorums for the transaction of business, proxy voting, viva-voce votes, and recordation of votes, shall be governed by the provisions of the Louisiana Constitution, the rules of procedure of the Senate and the House of Representatives, and the Joint Rules applicable to both houses. Reasonable public notice of meetings of legislative committees and subcommittees shall be given in accordance with such rules as are adopted by the respective houses for the purpose.
Pursuant to the authority granted by La. R.S. 42:19(B), the Senate adopted Senate Rules of Order. Rule 13.73, entitled "Notice of committee meetings during sessions," provides, in pertinent part:
A. Prior to each meeting of his committee, the chairman of each standing committee shall post on bulletin boards which shall be maintained on the floor of the Senate and in the Memorial Halls of the Senate and the House, and also at the door to the committee room in which the meeting is to be held, the following information: ... (5) the proposed agenda, including the bills, by number, which the committee proposes to consider at the meeting, though the committee shall not be bound to consider all bills enumerated and may consider bills other than those enumerated, as it deems fit ... and (7) any other information which the chairman deems pertinent. Such notices shall be posted for each meeting as soon as practicable, but not later than 1:00 p.m. of the day preceeding the meeting day. [Emphasis added.]
Additionally, Rule 13.76, entitled "Agenda," provides:
A. Immediately before each meeting, the chairman shall cause to be prepared a formal agenda, which shall include all business to come before the committee, in the order of its consideration.
B. The agenda shall adhere as closely as possible to the list of matters to be considered contained in the meeting notice, but this list shall not be binding on the committee . Copies of the agenda shall be distributed to each member before the meeting is called to order. [Emphasis added.]
*14 Accordingly, the notice requirements contained in the Senate Rules require that the chairman of the committee post on specified bulletin boards notice of a Senate committee meeting no later than 1:00 p.m. of the day preceding the meeting day. The meeting notice shall contain a proposed agenda, including the bills by number, but the committee is not bound to consider all bills listed and may consider bills other than those listed on the proposed agenda. Furthermore, the rules permit the agenda to be revised at any time up until immediately before the meeting, when a formal agenda must be prepared and distributed to members of the committee.
In the instant case, the record demonstrates that the Committee posted a Notice of Meeting for its April 2, 2014 meeting on the evening of March 31, 2014. According to the affidavit of Koepp, the Committee posted the Notice of Meeting on the internet and then immediately thereafter on bulletin boards located within the state capitol. The Notice of Meeting contains a proposed agenda, which omits reference to SCR-48. However, a revised agenda, prepared the day before the scheduled meeting, lists SCR-48 by number and brief description. According to Koepp, this revised agenda was posted on the internet on the same afternoon it was prepared and then immediately thereafter on bulletin boards located within the capitol. Koepp further stated that the revised agenda was also posted outside of the Committee hearing room on the morning of the meeting at or before 9:00 a.m.
Accordingly, from our review of the record, we find that the Senate complied with its Rules of Order in timely providing public notice of SCR-48's consideration and as such, complied with the Louisiana Open Meetings Law.[3]
CONCLUSION
For the foregoing reasons, we reverse the portion of the trial court's judgment granting in part plaintiffs' motion for partial summary judgment, which sought a declaration that the enactment of SCR-48 violated the Louisiana Open Meetings Law, and finding that SCR-48 did, in fact, violate the Louisiana Open Meetings Law. We also reverse the portion of the trial court's judgment declaring SCR-48 null and void. Furthermore, because we reverse the trial court's judgment in favor of plaintiffs, we deny plaintiffs' and intervenors' answers to the appeal seeking costs and attorney's fees for work performed on appeal. All costs of this appeal, in the amount of $3,860.50 are assessed to plaintiffs, Edwin Ray Parker, Kenneth Brad Ott, and American Federation of State, County and Municipal Employees, Council 17.
REVERSED; ANSWERS TO APPEAL DENIED.

The agenda indicates that it was revised at 4:07 p.m., but the affidavit of Glenn Koepp, Secretary of the Senate, states that the revised agenda was posted at approximately 4:19 p.m.

The trial court signed a separate judgment on November 16, 2016, awarding plaintiffs attorney's fees based upon its earlier judgment finding defendants violated the Louisiana Open Meetings Law. The November 16, 2016 judgment is currently pending review in this court under docket number 2017 CA 0228.

Plaintiffs do not contest the validity of the Senate Rules of Order or assert that the Rules themselves are unconstitutional. Rather, as stated by counsel at the hearing of this matter before the trial court, plaintiffs contend that the defendants violated the Rules.